## Johnson v. Prater.

The surety on a promissory note given for the purchase of a horse, being sued in a justice's court for a balance due thereon ; and it appearing that the principal had mortgaged the horse to the plaintiff to secure this note ; that afterwards, by consent of the surety, the horse was exchanged for another, and it was agreed that this other horse should stand in the place of the first; that the principal offered to pay the note, but this was not done because the plaintiff did not have it with him at the time, and afterwards the surety agreed that plaintiff might let the note run on for another year ; and that subsequently the principal left the State and the surety was active in helping him to do so, a judgment against the surety was properly sustained on *certiorari.*

Simmons, J., not presiding, because of sickness.

December 13, 1889.

Principal and surety. Verdict. Before Judge Mil-NER. Whitfield superior court. April term, 1889.

Reported in the decision.

S. P. Maddox and McCutchen & Shumate, for plaintiff in error.

R. J. McCamy, *contra.*

Blandford, Justice.

Johnson became the security of Walker upon a promissory note given for the purchase price of a horse. Prater sued Johnson in a justice's court for a balance of $20 due on the note. It appears that Walker had mortgaged the horse to Prater to secure this note. Walker sold the horse by consent of Johnson, his security, and it was agreed that a horse received in exchange should stand in place of the horse sold by Walker and which he had purchased from Prater. Walker afterwards left the State, and it appears that Johnson, his security, was active in helping him to leave the State. Walker had offered to pay this note, but Prater not having the note with him when Walker offered to pay, it was not paid, and afterwards Johnson agreed that Prater might let the note run on for another year.

A judgment was rendered against Johnson in the justice's court, and a petition for *certiorari* was filed by Johnson to the superior court. The court overruled the petition for *certiorari*, and Johnson excepted.

We see no error on the part of court below in dismissing the *certiorari*.        *Judgment affirmed.*